# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA VALVERDE-SAINZ,<br><br>　　　　　Petitioner/Defendant,<br>　vs.<br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent/Plaintiff. | CASE NO. 12CR2697-LAB/<br>13CV1991-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Ramona Valverde-Sainz pled guilty to importation of methamphetamine and was sentenced to 41 months' imprisonment, followed by five years' supervised release. Although her plea agreement waived collateral attack, ten months after her sentencing she filed this motion pursuant to 28 U.S.C. § 2255 (Mot., Docket no. 31), bringing three ineffective assistance of counsel claims. The Court ordered the government to file a response, which it has done. To clarify the issue of whether Valverde asked her counsel to file an appeal, the Court on July 27, 2015 invited her to submit a declaration by August 17, 2015. If she did not, the order cautioned, the Court would construe this to mean she did not explicitly tell her attorney to file a notice of appeal. When she failed to file anything in response, the Court issued a second order construing her failure to file a declaration as signifying her agreement that she did not explicitly tell her attorney to file a notice of appeal. Valverde has not objected to that order, or in any way signaled that she disagrees with the Court's interpretation of her remarks.

Valverde's motion claims her counsel was ineffective in failing to file an appeal after she asked her counsel to do so; that her counsel was ineffective for failing to challenge drug quantity and purity; and that her counsel did not adequately advise her of the sentence she could receive. The government argues Valverde waived all collateral attack in her plea agreement.

**Waiver**

Valverde's plea agreement is filed in the docket, and includes a provision waiving collateral attack, provided certain conditions were met. (Docket no. 16 at 10–11.) Collateral attack would be waived as long as the Court did not deny her request for a minor role reduction or impose a custodial sentence above the greater of the high end of the guideline range or the mandatory minimum term. Valverde was sentenced to the low end of the guideline range, as recommended by her own counsel, which included a request for minor role reduction (*see* Docket no. 24), and below the low end of the guideline range as recommended by the government. (*See* Docket no. 22.) The Court granted the parties' request for a minor role reduction. (Docket no. 39–2 (Tr. of Sentencing Hrg.), at 6:21–23.) The Court agrees Valverde has waived collateral attack. (*See also id.* at 8:12–16 (finding by Court, and concession by Defense counsel that any right to appeal or collaterally attack the Court's judgment had been waived).)

But even if she had not waived it, her claims lack merit. Because all three claims are for ineffective assistance of counsel, they are governed by *Strickland v. Washington*, 466 U.S. 668 (1984).

**Claim: Counsel Should Have Filed Appeal**

If a defendant claiming ineffective assistance of counsel can show her counsel failed to file a notice of appeal, prejudice is presumed. *Thorward v. Knowles*, 220 Fed. Appx. 728, 729 (9th Cir. 2007) (citing *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197–98 (9th Cir. 2005)) ("[P]rejudice necessarily arises when a lawyer disregards an express instruction to file an appeal.") Significantly, this holding is applicable only when there has been an

/ / /

"express instruction." "Mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal." *Id.* at 1198.

But an earlier, published decision by the Ninth Circuit held (albeit in the context of appeals from BIA decisions) that the presumption could be rebutted by a showing that the defendant had no plausible grounds for appeal. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir. 2003). If the defendant had no plausible grounds for appeal, there was no resulting prejudice and thus the defendant is not entitled to relief. *Id.*

Here, all Valverde says is that she "requested" the filing of either a notice of appeal or an appeal – and her briefing is ambiguous about whether she made the request after sentencing, or whether she requested that her counsel, after sentencing, file an appeal or notice of appeal. If it was the latter, the request would have been conditional, because as yet there was nothing to appeal.  The motion does not say what she told her attorney that she believes amounted to a request. The motion includes several versions of this assertion:

> Defense counsel failed to file a "notice of appeal" after sentencing when I requested one.
>
> . . .
>
> Defense counsel failed to file an appeal after sentencing, when I requested one.
>
> . . .
>
> I requested that an appeal be filed after sentencing, but my defense counsel failed to file one.

Taken together, these assertions do not make clear when, exactly, she asked her counsel to file an appeal.  Absent exceptional circumstances, only if Valverde made the request within the 14-day period set by Fed. R. App. P. 4(b)(1)(A) — or if she timely requested and obtained an extension, *see* Rule 4(b)(4) — would her appeal have been timely. *See also United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (holding district court had jurisdiction to resentence under Fed. R. Crim. P. 35(a) only if motion filed within 14 days of entry of judgment).

Valverde also doesn't say what issues she wanted her lawyer to appeal, except to mention drug quantity and purity and to cite the Fifth, Sixth, Tenth, and Fourteenth Amendments. (Mot. at 6, 8, 11.)  Any pre-plea constitutional violations, however, were waived by her guilty plea. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983) (guilty plea forecloses consideration of most pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (same). The only claims she might not have waived are jurisdictional ones, or those challenging the voluntary and intelligent character of the plea. *Id.*; *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (guilty plea waives all nonjurisdictional claims). No plausible non-barred claims arising under any of those Amendments are apparent.

Aside from Valverde's uncertain assertions, the government has provided the declaration of her counsel stating that Valverde never asked her to file a notice of appeal. (Docket no. 40, ¶¶ 9–10 ("At no time has Ms. Valverde requested that I file a notice of appeal or told me that she wanted to appeal her conviction or sentence.")) She declares that, had Valverde asked her to do so, she would have advised against it as it was waived, but if Valverde had persisted in her request, she would have done it.  As noted above, Valverde does not dispute her counsel's declaration, nor has she argued the Court misconstrued her failure to file a declaration when invited to do so. The Court finds counsel's declaration reliable, certain, and persuasive, and credits counsel's account over Valverde's.

Because Valverde did not explicitly tell her counsel to file an appeal or notice of appeal, her counsel's failure to do so does not amount to ineffective assistance.

**Claim: Counsel Should Have Challenged Drug Quantity and Purity**

The only thing Valverde says about this issue is the sentence "Defense counsel failed to challenge drug quantity and purity." (Mot. at 6.) At her change of plea hearings, she admitted the amount of methamphetamine she smuggled. (Change of Plea Hrg. Tr. (Docket no. 36) at 13:14–18.) The actual amount of methamphetamine in the mixture was determined by laboratory analysis, and Valverde has not explained why or how her attorney could or should have challenged it.

**Claim: Counsel Incorrectly Advised Valverde About Her Possible Sentence**

Valverde's motion claims her counsel was deficient in underestimating the sentencing range, and told her she "would receive about a year" in prison. (Mot. at 8.) This claim is belied by the record. The Plea Agreement, which Valverde read and signed, actually warned her that the crime she was pleading guilty to carried a mandatory minimum sentence of ten years, plus a term of supervised release of at least five years. (Docket no. 16 at 3:25–28, 4:3–6.) The same Plea Agreement also advised her that "any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**." (*Id.* at 7:2–3.) At her change of plea hearing, she confirmed that she understood the plea agreement. (Docket no. 36, 9:2–17.) The Magistrate Judge also gave her cautions similar to those in the plea agreement, and confirmed that she understood them. (*Id.*, 6:7–16, 7:11–20.) Her claim that her counsel misled her on this point is without merit.

**Conclusion and Order**

For these reasons, the Court finds Valverde did not explicitly tell her counsel to file an appeal, and she has waived all claims. Even if she had not waived them, they are without merit. The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 11, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge